IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:10CV118 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, et al, | ) | |
| | ) | |
| Defendant. | ) | |

  Plaintiff filed his Complaint in this matter on March 30, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 10.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.**  **SUMMARY OF COMPLAINT**

  Plaintiff filed his Complaint on March 30, 2010, against one Defendant, the State of Nebraska.[1] (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently a patient at the Norfolk Regional Center ("NRC"). (*Id.* at CM/ECF p. 2.) Plaintiff's allegations are sparse, consisting of four sentences. Plaintiff alleges a violation of his "5th amendment right to not be deprived of life, liberty, or property without due right process to the law." (*Id.* at CM/ECF p. 4.) The remainder of Plaintiff's allegations summarily state that Defendant "refused to investigate and address HIPPA violation," and "allowed private medical records to be released," which "deprived Plaintiff of

---

  [1]Plaintiff references four individuals later in the Complaint, but does not set forth any specific allegations relating to these individuals. (Filing No. 1 at CM/ECF p. 3.) In addition, as set forth in Federal Rule of Civil Procedure 10(a), "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The title of the Complaint in this matter names only the State of Nebraska and that entity is therefore the only Defendant.

liberty and property." (*Id.*) Plaintiff seeks relief in the form of a "tax exemption stamp" which would allow him to "to be tax exempt from property taxes/sales taxes." (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint. As set forth above, Plaintiff's allegations consist of four brief sentences and do not nudge Plaintiff's claims across the line from conceivable to plausible. Plaintiff does not set forth any specific actions

taken by Defendant which violate any constitutional right or support a claim under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). In short, Plaintiff does not allege any facts supporting a claim that Defendant deprived him of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West,* 487 U.S. at 48; *Buckley,* 997 F.2d at 495. Even with the most liberal construction, Plaintiff's Complaint does not include "sufficient facts to support the claims advanced," and is, at best, frivolous. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006). This matter is therefore dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. All pending motions are denied as moot.

DATED this 27th day of April, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.